**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30132 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00092-RRB-1 |
| v. | |
| STUART T. SEUGASALA, AKA Tone, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted October 6, 2016**
Seattle, Washington

Before: W. FLETCHER, FISHER, and N.R. SMITH, Circuit Judges.

Stuart Seugasala appeals the district court's order unsealing certain record

items. We affirm.

1.      The district court had jurisdiction to unseal the records at issue, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that jurisdiction was not lost by the filing of an appeal. District courts have inherent discretionary power to seal or unseal record items. *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003); Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal . . . [and] may later unseal the filing."). Our general rule, often stated as the district court "losing jurisdiction" upon the filing of a notice of appeal, is a judge-made doctrine developed for the purpose of maximizing judicial economy. *See Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120–21 (9th Cir. 2002). It does not actually "strip[] the district court of [its] subject matter jurisdiction." *Id.* at 1121. The district court may still take "action [that] aids us in our review," *Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 869 (9th Cir. 2003), as long as the action does not "materially alter the status of the case on appeal," *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (quoting *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)).

Enabling all parties to respond adequately to arguments on appeal by managing the record aids appellate review. *See, e.g.*, Fed. R. App. P. 10(c) (providing that the district court may settle disputes over, and approve a statement of, evidence when proceedings were not recorded or a transcript is unavailable); Fed. R. App. P. 10(d) (providing that the district court may approve "a statement of the case showing how the issues presented by the appeal arose and were decided in

2

the district court" and may make "any additions that [it] may consider necessary to a full presentation of the issues on appeal"); Fed. R. App. P. 10(e)(2)(B) ("If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected . . . by the district court before or after the record has been forwarded [to the court of appeals].").

Here, the district court had inherent authority to seal portions of the record and had equal power to order them unsealed, even after Seugasala filed a notice of appeal. In unsealing the record items, the court did not attempt to decide the merits of the parties' appellate arguments or otherwise materially alter the status of Seugasala's appeal. Therefore, the district court did not exceed its jurisdiction but merely exercised its valid authority to make a ruling with respect to the record that will aid this court on review.

2. Seugasala waived the right to claim that the confidentiality of the unsealed portions of the record items is protected with respect to the United States, because he has otherwise disclosed the information. A confidentiality claim is generally lost by voluntary disclosure of the allegedly confidential information to those from whom it would otherwise be withheld. *See, e.g.*, *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 n.9 (9th Cir. 2013) (concluding that a party "waived any claim of confidentiality" in a document filed under seal in the district court, where counsel made representations at oral argument as to the contents of the document);

3

*Pac. Pictures Corp. v. U.S. Dist. Court for the Cent. Dist. Cal. (In re Pac. Pictures Corp.)*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) ("[V]oluntarily disclosing privileged documents to third parties will generally destroy the [attorney-client] privilege."); *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("[E]xpress waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public."); Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) [(requiring personal information redacted from court records)] as to the person's own information by filing it without redaction and not under seal.").

The trial transcript and the unsealed transcript excerpts of the January 2 hearing show that Seugasala has voluntarily disclosed to the United States all information contained in the record items at issue here.

3.      Because Seugasala has waived the right to claim protected status of the record items at issue, we need not address his remaining arguments concerning whether the district court erred in unsealing those records.

**AFFIRMED.**